**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWIGHT KRIZMAN, | No. 08-56016 |
| Petitioner - Appellant, | D.C. No. 2:06-CV-05064-ODW (PLA) |
| v. | |
| BOB HOREL, WARDEN, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, United State District Judge, Presiding

Submitted June 7, 2010**
Pasadena, California

Before: NELSON and GOULD, Circuit Judges, and DOWD, Senior District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David D. Dowd, Jr., Senior United States District
Judge for the Northern District of Ohio, sitting by designation.

Dwight Krizman ("Petitioner") appeals the denial of his petition for a writ of habeas corpus relating to his California state conviction for the murder of his wife. The state trial included testimony from a treating doctor and nurse disclosing that shortly prior to her death, the Petitioner's wife reported having been the victim of domestic abuse by her husband.

The sole issue advanced by the Petitioner is the claim that the testimony of the doctor and nurse relating to his wife's inculpatory statements regarding prior domestic abuse violated the teachings of *Crawford v. Washington,* 541 U.S. 36 (2004).

The physical altercation that led to the Petitioner's wife's death occurred at the couple's residence on November 22, 2002. On December 17, 2002, the Petitioner's wife died of complications related to the injuries she sustained on November 22, 2002.

The Petitioner was convicted following a jury trial of the offense of second degree murder and sentenced to a term of 15 years to life for the murder conviction. The California Court of Appeals affirmed the Petitioner's conviction in an unpublished opinion and the Petitioner's petition for review by the California Supreme Court was denied. The petition for a writ of habeas corpus filed in United

States District Court for the Central District of California was denied on June 10, 2008.

The sole question before this Court is whether the testimony by the treating doctor and nurse reporting claims of domestic violence by the Petitioner's spouse violated the teachings of *Crawford v. Washington* and the subsequent pronouncements in *Davis v. Washington*, 547 U.S. 813 (2006).

The narrow issue is whether the statements by the treating doctor and nurse are "non-testimonial" or "testimonial."

In affirming the Petitioner's conviction, the California Court of Appeals declared:

> Here, Mrs. Krizman's hearsay declarations were *not* made under circumstances which would lead an "objective witness reasonably to believe that the statement" would be available for use during a trial (*Crawford v. Washington, supra,* 541 U.S. at p. 52.) Rather, they were made in response to the questions of medical personnel for purposes of diagnosis and treatment.  The statements were properly admitted pursuant to Evidence Code section 1370 and did not violate the Confrontation Clause (emphasis added).

The issue of the admissibility of hearsay declarations by domestic abuse victims in a habeas setting was subsequently addressed by this Circuit in *Moses v*.

*Payne*, 555 F.3d 742 (9th Cir. 2009) in the context of habeas review governed by the Antiterrorism and Effective Death Penalty Act of 1996.

The *Payne* panel concluded that the murder victim's statements to her doctor reporting domestic abuse by her husband "were non-testimonial because they were made for purposes of diagnosis and treatment, rather than to inculpate Moses ... [and] not an unreasonable application of the legal principle established by *Crawford*."

We hold that the relevant ruling in *Moses v. Payne* is controlling. The judgment of the district court is AFFIRMED.